**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2334**

QUETEL CORPORATION,

    Plaintiff - Appellee,

    v.

HISHAM ABBAS; SHOROUK MANSOUR; FINALCOVER, LLC,

    Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cv-00471-AJT-JFA)

Submitted: June 17, 2020                       Decided: July 16, 2020

Before GREGORY, Chief Judge, and KEENAN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Andrew Baxter, GENERAL COUNSEL, P.C., McLean, Virginia, for Appellants. Timothy J. McEvoy, Matthew H. Sorensen, Patrick J. McDonald, CAMERON MCEVOY, PLLC, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

QueTel Corporation ("QueTel") filed a civil action against Hisham Abbas, Shorouk Mansour, and Finalcover, LLC ("Finalcover") (collectively, "Defendants") raising claims, *inter alia*, of copyright infringement, under the Copyright Act, 17 U.S.C. §§ 101-1332 (2018) ("Count I"), and misappropriation of trade secrets, under the Virginia Uniform Trade Secrets Act ("VUTSA"), Va. Code Ann. §§ 59.1-336 to 59.1-343 (2019) ("Count II"). The crux of QueTel's claims was that Abbas—a former QueTel employee—misappropriated source code from QueTel's copyrighted software, TraQ Suite 6, for Defendants' competing software, CaseGuard. On appeal, Defendants contend that the district court abused its discretion in awarding judgment to QueTel as a sanction for Defendants' spoliation of evidence and in imposing a permanent injunction against Defendants. We affirm.

I

Defendants first argue that the district court erred when it entered judgment on Counts I and II as a sanction for Defendants' alleged spoliation of evidence. "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). A party may be sanctioned for spoliation where the party had a duty to preserve material evidence and willfully engaged in conduct that resulted in the loss or destruction of such evidence at a time when the party knew—or should have known—that the destroyed evidence was or could be relevant in litigation. *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013).

2

We review for abuse of discretion a district court's decision to grant a motion for sanctions based on spoliation. *Id.* at 281-82. "A district court abuses its discretion if it relies on an error of law or a clearly erroneous factual finding." *SAS Inst., Inc. v. World Programming Ltd.*, 952 F.3d 513, 523 (4th Cir. 2020) (internal quotation marks omitted).

In reaching its determination that Defendants had spoliated evidence, the district court observed that, within four months after receiving a cease-and-desist letter from QueTel notifying Defendants of potential litigation involving their CaseGuard product line, Abbas destroyed the computer used to develop the CaseGuard software. Further, despite receiving a discovery request to identify each computer "used in connection with [Defendants'] business from April 1, 2014[,] through the present" and to indicate "whether [each] device . . . [was] still in [Defendants'] possession or control and, if not, [to] state when [Defendants] ceased to use and/or otherwise lost possession or control over the device" (J.A. 144, 179),[1] Defendants failed to disclose that Abbas had destroyed the computer until directly confronted by QueTel's counsel. The court additionally found that Defendants had deleted a source code control system[2] and a considerable amount of

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

[2] A source code control system tracks changes to a software's source code and contains the prior iterations of the code, thus enabling a developer to review older versions of the program's code. Abbas maintained throughout the litigation that he had not used a source code control system in developing the CaseGuard software but later admitted that he had briefly "tested" his software on a source code control system before deleting the system.

3

CaseGuard-related files from the replacement computer in the middle of the parties' discovery disputes over the existence of such a system.

The district court, accepting a recommendation from the magistrate judge, found that, as a result of the cease-and-desist letter, Defendants were on notice of potential litigation and had a duty to preserve the destroyed evidence, and that the Defendants intentionally destroyed the evidence in bad faith, with the intent of depriving QueTel of the evidence's use in the instant litigation. The court further concluded that QueTel had been irreparably harmed and that the magistrate judge's recommendation of a jury instruction was insufficient because Defendants' purposeful spoliation effectively deprived QueTel of its ability to pursue Counts I and II. We discern no abuse of discretion in the district court's decision to impose judgment as a sanction against Defendants based on its finding that no less drastic sanction would adequately address the prejudice suffered by QueTel or adequately deter the type of spoliation that occurred in this case.

II

Next, we review for abuse of discretion Defendants' contention that the district court erred in granting a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In order "to obtain a permanent injunction in any type of case, including a . . . copyright case," a plaintiff must demonstrate:

> "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

4

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (quoting *eBay Inc.*, 547 U.S. at 391). In imposing a permanent injunction, the district court concluded that QueTel had suffered the loss of tangible and exclusive rights as a result of the marketing and sale of CaseGuard and that QueTel would continue to suffer irreparable harm—which monetary damages would be inadequate to compensate—if Defendants were permitted to continue marketing its CaseGuard software. The court's injunction specifically excluded CaseGuard Studio, a product that Defendants contended was distinct from its core CaseGuard software.

On appeal, Defendants contend that there was inadequate support for the district court's decision, arguing that the court's decision to award only statutory damages demonstrates that QueTel could not establish any quantifiable injury and, simultaneously, that QueTel has an adequate remedy at law. However, we conclude that the district court did not rely on an error of law or a clearly erroneous factual finding in determining that QueTel had suffered, and would continue to suffer, irreparable harm as a result of Defendants' actions, that monetary damages were inadequate, and that the balance of equities and the public interest weighed in favoring of granting the injunction. We therefore discern no abuse of discretion in the court's decision to impose a permanent injunction.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5